UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AUDELIA BUSTOS | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) Civil Action No.  5:12-CV-0911-XR |
| WAL-MART STORES TEXAS, L.P., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**ORDER**

On this date, the Court considered Defendant's Motion for Partial Summary Judgment (docket no. 12).  For the reasons stated below, Defendant's motion is granted.

**Background**

Plaintiff filed suit against Defendant claiming that, on August 25, 2010, she "slipped, fell and was seriously injured as a result of a dangerous condition created by a pool of water located on [Defendant's] premises."  In her petition, Plaintiff alleges three causes of action – "premises claim by invitee"; "premises claim by licensee"; and "general negligence."  In support of her premises liability claims, she alleges that "[a] condition on Defendant's premises posed an unreasonable risk of harm"; that "Defendant allowed water to pool causing a slippery condition to exist in a high foot-traffic area"; and that "Defendant . . . negligently permitt[ed] the floor/ground to become wet and slippery, negligently or willfully allow[ed] such condition to continue, and negligently or willfully fail[ed] to warn Plaintiff of the dangerous condition."  Petition ¶¶ 10, 12, 16,  19.  In support of her general negligence claim, Plaintiff alleges that Defendant's employees "negligently permitted the

1

floor to become wet and slippery, negligently or willfully allowed such condition to continue and negligent or willfully failed to warn Plaintiff of the condition of the floor." *Id.* ¶ 22. Plaintiff alleges that Defendant's agents or representatives knew or should have known of the dangerous condition, and that they were negligent in failing to inspect and maintain the floor, failing to warn, and failing to discover and remove the dangerous condition. *Id.* ¶ 24.

On February 7, 2013, Defendant filed this motion for partial summary judgment. Defendant moves the Court to dismiss Plaintiff's claim of general negligence to the extent it asserts a negligent activity cause of action because Plaintiff alleges only facts that would support a claim of premises liability. Plaintiff did not respond to Defendant's motion.

## Legal Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

**Analysis**

Defendant argues that Plaintiff's general negligence claim should be dismissed to the extent that it asserts a claim for negligent activity. The Texas Supreme Court has concluded that negligent activity and premises liability claims are independent theories of recovery. *See Del Lago Partners, Inc. v. Smith* 307 S.W.3d 762, 776 (Tex. 2010) ("As to landowners, we have recognized negligent-activity and premises-liability theories of recovery."); *Clayton W. Williams, Jr. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997) (noting that "premises defect cases and negligent activity cases are based on independent theories of recovery").

"Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Thus, there must be an "ongoing activity when [the plaintiff] was injured." *Id.*; *see also Del Lago Partners*, 307 S.W.3d at 776 ("negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury").

In contrast, a claim of premises liability "encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners,* 307 S.W.3d at 776. Examples of premises-liability claims include: ice from a soft drink dispenser making a grocery store floor slippery; leaking water making a basketball court slippery; plant spray making a floor slick; grapes from a self-service grape bin falling on the floor and making the floor slippery; misapplication of wax making a floor dangerously slick; soapy foam making a spa floor slippery. *Del Lago Partners*, 307 S.W.3d at 789 (Wainwright, J., dissenting) (providing examples of previous premises-liability cases). Therefore, if the injury is a result of a condition on the premises that the defendant

failed to remedy, as opposed to defendant's affirmative conduct occurring at the time of injury, the only cause of action is a premises-liability claim.

Plaintiff does not allege that her injury was the contemporaneous result of any ongoing activity, nor does she allege any facts that would support such an inference. Instead, Plaintiff claims that Defendant was negligent in permitting the alleged condition to exist and in failing to warn. These allegations support only a claim for premises liability, not negligent activity. *See Olivo*, 952 S.W.2d at 527 ("This is not a negligent-activity case because Olivo alleges that he was injured by thread protectors previously left on the ground, not as a contemporaneous result of someone's negligence."); *Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 447 (Tex. App. –Houston [14th Dist.] 2005, no pet.) (concluding that negligently permitting a condition to exist "is not a negligent activity case"). Therefore, to the extent that Plaintiff's general negligence claim is asserting a negligent activity theory of recovery, Defendant is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the Court GRANTS Defendant's partial motion for summary judgment (docket no. 12) and dismisses Plaintiff's general negligence cause of action.

SIGNED this 1st day of April, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE